UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLOIRDA
FORT LAUDERDALE DIVISION

CASE NO.: 14-cv-62211-RLR

JOANNA REBHOLZ,

        Plaintiff,

vs.

CIC INVESTORS #95, LTD.,
FLANIGAN'S MANAGEMENT SERVICES, INC.,
and FLANIGAN'S ENTERPRISE, INC.

        Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, the Defendants, CIC INVESTORS #95, LTD., FLANIGAN'S MANAGEMENT SERVICES, INC., and FLANIGAN'S ENTERPRISES, INC., and answer the Plaintiff's Complaint as follows:

1. These Defendants deny the allegations of paragraph 1 of the Complaint.

2. These Defendants admit the allegations of paragraph 2 and 3 of the Complaint.

3. These Defendants deny the allegations of paragraph 4 of the Complaint.

4. These Defendants admit the allegations of paragraph 5 of the Complaint.

5. These Defendants deny the allegations of paragraph 6 of the Complaint.

6. Regarding the allegations of paragraph 7 of the Complaint, these Defendants admit that Flanigan's Enterprises, Inc. is a Florida corporation with its principal offices in Ft.

Lauderdale, Florida and that Flanigan's operates restaurants and package liquor stores in South Florida. These Defendants deny all allegations of paragraphs 7 not specifically admitted.

   7. In response to paragraph 8, these Defendants admit that CIC previously owned and operated the restaurant located at 2460 Weston Road, Weston, FL 33326 under the name of Flanigan's Seafood Bar and Grill.

   8. These Defendants deny the allegations of paragraphs 9 and 10 of the Complaint.

   9. These Defendants admit the allegations of paragraphs 11 through 14 of the Complaint.

   10. These Defendants deny the allegations of paragraph 15 of the Complaint.

   11. In response to paragraph 16, these Defendants admit that the Plaintiff was employed by CIC as a server from on or about January 1, 2010 until in or around September, 2011. The remainder of the allegations are denied.

   12. These Defendants admit the allegations of paragraphs 17 and 18 of the Complaint.

   13. These Defendants deny the allegations of paragraphs 19 through 23 of the Complaint.

   14. These Defendants admit the allegations of paragraphs 24 through 26 of the Complaint.

   15. These Defendants deny the allegations of paragraphs 27 through 34 of the Complaint.

## AFFIRMATIVE DEFENSES

   16. As a separate and affirmative defense, these Defendants would state that the Plaintiff was fully advised of her rights under the FMLA, and that those rights were set forth in documents or handbooks provided to the Plaintiff and were posted at the place of employment.

17. These Defendants would allege that if the Plaintiff was denied any of her FMLA rights, which is denied, that the failure to provide FMLA rights was not due to any wilfulness, malice and/or reckless indifference on the part of the Defendants, but was due to miscommunication between the parties.

18. As a separate and affirmative defense, these Defendants would state that the Plaintiff has failed to mitigate her damages and consequently her damages must be reduced in proportion to her failure to mitigate.

19. As a separate and affirmative defense, these Defendants would state that on October 17, 2014 they offered to reinstate the Plaintiff with full seniority to an equivalent position and at her regular rate of pay; any lost wages after that date are due to her failure to mitigate.

20. As a separate and affirmative defense, these Defendants would state that the Plaintiff's Complaint is barred by the applicable statute of limitations.

21. As a separate and affirmative defense, these Defendants would state that the Plaintiff's Complaint is barred, or alternatively should be reduced, by the doctrine of laches.

22. As a separate and affirmative defense, these Defendants would state that they have policies and procedures for employees to follow to return to work from FMLA leave and that the Plaintiff had been given notice of those policies and procedures but failed to comply with them and therefore the Plaintiff's claims should be barred or reduced.

WHEREFORE, the Defendants demand judgment in their favor, including an award of costs.

*Joanna Rebholz v. Flanigan's Enterprises, Inc.*
*Case No.:*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed with the Florida Courts E-Filing Portal/ECF and served via E-Mail this 22nd day of October, 2014 to: **Luis A. Cabassa, Esq., lcabassa@wfclaw.com, Wensel Fenton Cabassa, P.A., Attorneys for Plaintiff, 1110 North Florida Avenue, Suite 300, Tampa, FL 33602.**

ROBERTS & DURKEE, P.A.
*Attorneys for Flanigan's Enterprises, Inc.*
Alhambra Towers, Penthouse I
121 Alhambra Plaza, Suite 1603
Coral Gables, Florida 33134
Telephone: 305-442-1700
Facsimile:   305-442-2559
Roberts@rdlawnet.com


By:    s/:  H. Clay Roberts
H. CLAY ROBERTS
Fla. Bar No.: 262307